## STRAWN vs. NORRIS ET AL.

If a party file a petition for discovery, and read a part of the answer in evidence, the whole answer must be considered as evidence in the case, as well that which is not, as that which is, responsive to the interrogatories.

*Appeal from Montgomery Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

GALLAGHER and KNIGHT, for appellant.

Mr. Justice COMPTON delivered the opinion of the Court.

In this suit, an action of assumpsit, the plaintiff, finding it difficult to establish his demand without appealing to the conscience of the defendant, filed a petition for discovery, and obtained an answer. At the trial—which was before the court sitting as a jury—the plaintiff read the answer in evidence; and thereupon the defendant insisted that the whole answer should be considered by the court as evidence in the case, but

OF THE STATE OF ARKANSAS.     543

the court decided that so much of it only as was responsive to the interrogatories in the petition should be so considered. In thus deciding, the court erroneously adopted the rule applicable to cases where the bill is for relief. Where the bill is for discovery merely, the rule is, that if the plaintiff makes use of the defendant's answer, the whole of it must be read, and weighed together as evidence (*Greenleaf's Evidence, vol.* 3, *secs.* 290, 291; *Glasscock vs. Hayes,* 4 *Dana* 58; *Lady Ormond vs. Hutchinson,* 13 *Ves.* 53; *Stillwell ex. vs. Badgett,* 22 *Ark.* 168); and the statute expressly provides that the answer to a petition for discovery shall be evidence in the same manner and with like effect as an answer to a bill in equity for discovery. *Gould's Dig., chap.* 133, *sec.* 97. The party seeking a discovery may introduce the answer in evidence, or not, at his option (*Conway et al. vs. Turner et al.,* 3 *Eng.* 356), but if he does introduce it, the whole of it must be considered.

The judgment must be reversed.