## RAILWAY COMPANY *v.* TANKERSLEY.

Decided December 6, 1890.

54   25
73   551

54      25
h87    586

1. *Railway Company—Duty to stop trains.*

    A railway company is not liable for injuries to a passenger received in attempting to alight at a station from a moving train if, after the station was called in the car, the train stopped long enough to afford an opportunity, by the use of reasonable diligence, to alight from it while stationary.

2. *Alighting from moving train.* ˙

    The failure of a train to stop at the station will not justify a hazardous attempt to alight from it while in motion.

3. *Contributory negligence.*

    In an action by a woman to recover damages for injuries received in stepping from a moving train, her age, sex and physical condition should be considered in determining whether she acted prudently or recklessly.

4. *Incompetent evidence—When not prejudicial.*

    One who has first introduced incompetent evidence cannot complain of the introduction by his adversary of similar evidence in rebuttal.

APPEAL from *Yell* Circuit Court, Dardanelle District.

GEORGE S. CUNNINGHAM, Judge.

Mrs. Sarah E. Tankersley, an elderly lady, was a passenger on a train on the Little Rock and Fort Smith Railroad. She complains that when the train arrived at her station, it stopped, but not long enough to enable her to alight in safety; that while she was in the act of alighting, the train was carelessly and negligently started with a jerk, throwing her upon the platform and seriously injuring her. Defendant answered, denying negligence on its part, and alleging contributory negligence on the part of plaintiff. Verdict for plaintiff. Defendant appealed.

*Dodge & Johnson* for appellant.

1. The verdict is contrary to the facts. Contributory negligence defeats all actions of this character, if it was the proximate cause of the injury. Carriers are not *insurers* of the *lives* and safety of passengers, but are bound to take all precautions which wisdom and foresight can suggest, to protect and safely deliver, at their destination, their passengers. They are liable, therefore, for slight negligence. But this is limited by the duty of all passengers, as reasonable and thoughtful beings, *to protect and take care of themselves;* the passenger must exercise due care, and if he fails to do so, then his own negligence is the cause of the injury. Sher. & Redf. on Negl., secs. 25 to 35, and sec. 265; Whart. on Negl., secs. 300, 626; 26 Ind., 226.

Getting off a vehicle while in motion is almost always fatal to a recovery. Sher. & Redf. on Negl., sec. 283; Whart. Neg., sec. 369; 44 Miss., 486; 26 Ill., 384. The only allowable excuse is, that the party acted under a *controlling*

*necessity*—a *vis major*, or was deprived of "responsible volition" by the *wrongful acts of the carrier*. Sher. & Redf. Neg., secs. 25, 35, 282, 283 ; Whart. Neg., 353, 371 ; 2 Redf. on Rys., sec. 177 ; 106 Mass., 464 ; 23 Penn., 149 ; 32 *id.*, 296 ; 56 N. Y., 305 ; 6 Casey, 234 ; 44 Ill., 463 ; 44 Miss., 466 ; 20 Barb., 282 ; 16 Gray, 502 ; 54 Ill., 133 ; 66 N. C., 499 ; 12 A. & E. Cas., 164 ; 17 N. E. Rep., 107 ; 15 Lea, 328.

2. The evidence fails to establish any act of negligence or carelessness on part of defendant or its servants. 45 Ark., 256 ; 11 S. W. Rep., 212 ; 47 Ark., 77 ; 7 S. W. Rep., 88.

3. Evidence that the train did not stop long enough to enable passengers to alight, or did not stop at all at other times or *on other occasions* was inadmissible and prejudicial. 48 Ark., 473 ; Whart. Ev., sec. 40 ; 1 Gr. Ev., sec. 52 ; 115 Mass., 240 ; 118 *id.*, 422 ; 10 Allen, 148 ; 6 Cush., 398 ; 1 Gray, 511 ; 89 Mass., 508 ; 38 Mass., 145 ; 79 *id.*, 512 ; 53 *id.*, 482 ; 73 *id.*, 96. The proof must be confined to the immediate locality of the accident. 4 Md., 242 ; 70 Mo., 243 ; 68 *id.*, 470 ; 38 Mich.; 537 ; 45 N. Y., 574 ; 60 Mo., 227 ; *ib.*, 265. Evidence of other acts are not admissible. 8 Or., 172 ; 52 Barb., 267 ; 41 Conn., 61 ; 59 Iowa, 581 ; 69 Me., 173 ; 60 N. Y., 278, 95 ; 44 N. Y., 465 ; 4 West. Rep., 48 ; 15 Neb., 43 ; 14 N. W. Rep., 541 ; 45 N. W. Rep., 91.

4. Defendant's first instruction should have been given ; likewise the seventh. The eighth is sustained by 91 Mo., 433.

*A. S. McKennon* and *J. E. Cravens* for appellee.

1. We contend the evidence shows that the train did not stop long enough for appellee to alight ; that she acted promptly : that she was thrown from the car by a sudden jerk, and that the train was just starting at the time. These propositions form the issue, and each is dependent on the other. The jury found for plaintiff on these issues, and there was evidence to support the verdict. 27 Ark., 592 ; 31 *id.*, 163.

2. The court properly modified the first instruction of appellant, in view of the evidence. As to the refusal of the fifth, see 46 Ark., 423. The seventh is objectionable. 49 Ark., 182. The instructions as a whole were ample and as stong as any view of the proof warranted.

It may be the testimony of the witnesses to prove that the trains did stop at Coal Hill was incompetent, but the railway company first introduced incompetent evidence on this line, and this justified the admission of testimony in rebuttal. If this was an error it was not a very grievous one. 45 N. W. Rep., 91; 61 Wis. 457; 23 A. & E. R. Cases, 352.

HEMINGWAY, J. The injury complained of was sustained by the plaintiff, a passenger on defendant's cars, in attempting to alight at the end of her journey, while the cars were in motion. Two questions were therefore involved in the proper determination of the cause: First, was the injury attributable to any misconduct of the defendant? Second, did the plaintiff contribute to it by any negligence on her part? There was evidence tending to maintain a contention on each side of both of the questions stated, and the charge of the court was given with reference to every aspect of the evidence.

1. Duty to stop train.

1. The court properly charged the jury that the defendant would not be liable, if, after the station was called in the car in which plaintiff was traveling, the train stopped long enough to afford the plaintiff an opportunity, by the use of ordinary diligence, to alight from it while stationary. Upon the facts assumed, the defendant had discharged its full duty to plaintiff, and no injury to her could be attributed to it. Although the plaintiff may have been without fault, the defendant was then equally so, and the hurt was attributable to an unforeseen casualty. The charge of the court properly made the defendant's negligence depend upon the fact of its failing to make a sufficient stop at the station.

2.   On the law applicable to the negligence of the plain- tiff the charge is subject to objection.   The eighth instruc- tion, given at the request of the plaintiff, relates exclusively to this question.   It states several legal principles; (1) that to jump voluntarily from a train while in rapid motion is negligence; (2) that to step from a car while in motion to a station platform may or may not be negligence : (3) that it is for the jury to determine whether the latter act is or is not negligence; (4) that it is for the jury to determine whether the speed of the train at the time of alighting was or was not such as to make the act hazardous.   But the same instruction, which contains no reference to the defendant's negligence, declares that it is for the jury to determine whether there was a sufficient stop of the train, without indicating the proper effect of a negative finding.   As the instruction treated only of the negligence of plaintiff that would bar her right of recovery, the inference is that if a sufficient stop was not made, that would excuse a hazardous attempt by plaintiff to alight.

That is not the law.   The conduct of the plaintiff must be judged from present conditions, and upon them the past de- linquency of another sheds no light.   If it would seem to a person of ordinary prudence and caution to be safe to step off, considering the train's speed, the situation of the place of alighting, the opportunity to see where the step was made, and the activity of the person making it, and all other circumstances reasonably affecting the safety of the attempt—it could not be deemed negligence in the plaintiff to do it.   But the failure of a train to stop does not justify an attempt to alight that is hazardous, nor is it an element to be considered in determining in any given case whether such attempt was prudent or hazardous.

We think the instruction fairly implied that a failure to make a sufficient stop fixed negligence upon the defendant and excused the negligence of the plaintiff.   That was error.

The eighth instruction asked by the defendant should have been given.   The act of the plaintiff was to be judged

by a comparison with the acts of persons of ordinary prudence under similar circumstances. The age, sex and physical condition were circumstances necessarily affecting her safety in stepping from a moving train, and should have been considered by the jury, in connection with all other such circumstances in proof, in determining whether she acted prudently or recklessly. A young active man might prudently alight, when the attempt would be reckless in an old or lame man ; and any man might do so prudently, when it would be dangerous for a lady in female attire to attempt it.

**4. Incompetent evidence—Rebuttal.** The defendant is not in a situation to complain that the court admitted evidence to prove that its trains were not stopped at Coal Hill on former occasions. Witnesses for the defense testified that the train stopped on the day of the injury long enough to permit all passengers to alight; to sustain their statement they testified that the rules of the company required a stop of several minutes, and that it was always made. If the evidence was incompetent, the defendant first introduced it, and cannot complain that the court permitted plaintiff to rebut it.

For the error indicated the judgment will be reversed, and the cause remanded for a new trial.