. STUCKEY *v.* O'NEAL.

Opinion delivered April 27, 1908.

APPEAL—INVITED ERROR.—Where appellant's first elicited evidence concerning a portion of a transaction that had no relevancy to the issues, they cannot complain if appellee in rebuttal proved the rest of the transaction.

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

*Morris M. Cohn,* for appellants.

It was error to allow appellee to state the circumstances of the transaction with Arnold. It had no bearing on the case, and was prejudicial. Self-serving utterances and verbal conversation with another in the absence of the party are not admissible. 72 Ark. 409; 76 *Id.* 481; 74 *Id.* 437; 19 *Id.* 590. The utterances of strangers to a party do not bind him. 50 Ark. 397; 76 *Id.* 435.

*Ulysses S. Bratton* and *Harry H. Myers,* for appellees.

1. Verdicts are not disturbed if supported by any legal evidence. 67 Ark. 537; 76 *Id.* 326; 84 Ark. 241.

2. It was not error to admit the testimony as to the conversation between Arnold and appellee; but if it was, it was invited error. 14 Ark. 86. Furthermore, it was harmless. 77 Ark. 435; 73 *Id.* 407; 74 *Id.* 417; 76 *Id.* 276.

McCulloch, J. Appellants, who are attorneys at law, instituted this action against the appellee to recover a balance alleged to be due on a fee for defending him in the circuit court of Lawrence County on a charge of murder. The account also embraces a balance alleged to be due on a fee for representing appellee in a damage suit brought in the same court. The sole issue of fact in the case is as to the amount agreed upon as fee, the appellants claiming that in the murder case it was fixed by agreement at $2,000, and appellee claiming that it was fixed at $1,000, and that he had paid it in full. The case went to the jury upon this disputed fact, and a verdict was rendered in favor of appellee. The verdict was contrary to what appears to be the great preponderance of the evidence; but it can not be said that the evidence was insufficient to sustain the verdict. We do not feel at liberty to disturb the verdict on that account.

Appellants introduced evidence concerning a transaction between themselves and one Arnold, which had no bearing upon the issue in the case. It was this: They proved by Arnold, who claimed to be a friend of O'Neal, the appellee, that they agreed to pay him $250 to assist them in getting up the evidence in the case, and that this amount was to be paid by them out of the fee which they were to receive in the case; that some time during the pendency of the case against appellee they wrote to the latter requesting him to pay Arnold $200, and that appellee paid Arnold $100 of the amount, but declined to pay any more. It was not contended that appellee had agreed to pay the amount to Arnold. On the contrary, the evidence introduced on the part of the appellants showed affirmatively that he was not to pay the amount, and that the agreement to pay Arnold was a voluntary one on their part. Arnold testified, at the instance of the appellants, concerning the payment to him of the $100 by appellee, and related the circumstances under which it was paid.

While appellee was on the stand as a witness, he was asked by his counsel to state the circumstances under which he made the payment of $100 to Arnold, and in reply he made this state-

ment, which was objected to, and which is now assigned as error: "Mr. Arnold came in pretty soon, and I says, 'I received a letter from Stuckey and Campbell requesting me to pay you $200 for services rendered in this case.' I was a little surprised at this because I had done John several favors. Says I, 'I tell you what I will do; you are going to go into the saloon business, and you are going to want me to take sides.'"

The transaction with Arnold concerning the payment for his services was collateral, and had no place in the case, as it had no bearing upon the issue as to what amount appellee had agreed to pay appellants to defend him. But appellants are not in a position to complain of the introduction of this question into the case, as they brought it forward and introduced the first testimony concerning it. We fail to see how appellants could have been prejudiced by the statement related above as to what passed between appellee and Arnold. It could not possibly have had any influence on the jury in arriving at a conclusion as to the amount appellee had agreed to pay appellants for their services. However, if it was prejudicial, appellants are in no attitude to complain because they had first drawn out the testimony concerning the payment of this money and the circumstances under which it was paid, and appellee was entitled to have the whole of the transaction given to the jury after a part of it had gone in.

There was no objection to any of the instructions of the court.

Judgment affirmed.