COFFEE *v.* ARKANSAS POWER & LIGHT COMPANY.

4-4935

Opinion delivered February 7, 1938.

*Eugene Moore* and *Virgil D. Willis,* for appellant.
*Shouse & Walker,* for appellee.

McHANEY, J. Appellant, a minor, brought this action by his father and next friend against appellee to recover damages for personal injuries sustained by him, and for damages to his car as a result of a collision between his car and a truck belonging to appellee. Trial to a jury resulted in a verdict and judgment for appellee. The case is here on appeal.

Appellant assigns and urges three errors of the trial court for a reversal of the judgment against him: 1. The insufficiency of the evidence to support the verdict; 2. Certain incompetent and prejudicial testimony; And 3, that instruction No. 3, requested by appellee and given by the court, was prejudicial error.

We think the evidence ample, if not overwhelming, to support the finding of the jury. We think it would serve no useful purpose here to set it out in detail. But when construed in the light most favorable to the jury's verdict, it may be said that it supports the finding that appellant was driving his car at a very rapid rate of speed south on highway No. 62, and approaching a situation where he would either have to make a right angle turn onto the toll bridge that crosses the White River,

or a sharp left-handed turn into a street intersecting the highway. It is his contention that appellee's truck was driven from this street intersection on his left upon the highway and in front of his car without observing his car coming from the right of the driver of the truck. Appellee's truck was driven from the intersection onto the highway to cross the toll bridge at very slow rate of speed, and there was ample room for appellant to have turned his car to the left and avoided striking the truck of appellee, had he had his car under control. So the jury was entirely justified in returning the verdict it did.

■ Appellant is a resident of Cotter, in Baxter county, where the accident occurred. He brought this action in Boone county. He complains because the court permitted Mr. Cooper, who lives in Harrison and is division manager of appellee, to testify for appellee that it maintains an office at Yellville in Marion county, and that an agent works under the manager in the Cotter district; and that appellee could have been sued in either Marion or Baxter counties, and that service could have been had upon the agent in either of said counties. We do not now determine under other circumstances, the competency of this evidence. It was competent here because the appellant himself had testified that he had lived at Cotter, in Baxter county, all of his life, and that his father had lived there about all of his life. He further testified that one reason that he left his home county and brought this suit in Boone county, is that there is an office here of the appellee company where service might be had. So, if it should be held to be error under other circumstances to admit the testimony of Mr. Cooper, above set out, it would not be error here because it was invited by appellant himself.

■ Instruction No. 3 complained of is as follows: "You are instructed that if you find from a preponderance of the testimony that the point where the accident complained of in this case took place was within the incorporated town of Cotter, then you are further instructed that if you believe from a preponderance of the testimony that the plaintiff was operating his car at a

rate of speed exceeding 20 miles per hour within the corporate limits of the town of Cotter for a distance as great as one-quarter of a mile before the accident, then and in that event this fact would be *prima facie* evidence that the plaintiff was driving at a reckless rate of speed, and that he was negligent. If you find these facts, you could not find for the plaintiff unless the evidence produced on the part of the plaintiff overcomes this presumption and you are able to find from a preponderance of the evidence that the plaintiff was acting with due caution and circumspection, and that he was not guilty of any degree of negligence.''

The objection made to said instruction at the time, is as follows: ''The plaintiff excepts to the giving of defendant's requested instruction No. 3 on the ground that it does not properly define contributory negligence. There is no testimony in the record that the plaintiff was driving in excess of 20 miles an hour in the incorporated limits of the town of Cotter.''

While appellant did not use the word ''objection'' in stating the grounds thereof, by using the word ''excepts,'' for the purpose of this opinion, we treat it as embracing his objection. The objection made was on the ground that it did not properly define contributory negligence, and that there is no testimony that he was driving in excess of 20 miles an hour in the incorporated limits of the town of Cotter. We think neither objection is tenable. The instruction was not an attempt to define contributory negligence, as the court had previously given instruction No. 3 at appellant's request, defining contributory negligence. It was an attempt to apply § 6638 of Pope's Digest, and there is plenty of evidence in the record to show that appellant was driving in excess of 20 miles an hour in the incorporated limits of the town of Cotter, just before the accident. We do not approve the instruction in the form drawn, but we cannot say that it is so inherently defective as to be reached by general objection, even had one been made, and that the specific objection made is not well taken. We do not think any prejudicial error resulted from the giving of

said instruction, and this court does not reverse except for error prejudicial to the rights of the parties.

We find no error, and the judgment is accordingly affirmed.