EAVES *v.* LAMB.

4-7865                                    193 S. W. 2d 328

Opinion delivered April 1, 1946.

*Bon McCourtney,* for appellant.

*Adams & Willemin,* for appellee.

ROBINS, J.   On January 16, 1945, appellant, **Wanda Faye June Eaves,** twelve year old daughter of appellant.

A. H. Eaves, was struck and seriously injured by a truck owned and driven by appellee, Charles Lamb. Appellant, A. H. Eaves, brought this suit as next friend of his daughter and for his own benefit, praying damages for his daughter to compensate her for her injuries and damages to recompense him for medical expense and for loss of services. It was alleged in the complaint that the child's injuries were caused by the negligence of appellee in driving his truck in a careless and reckless manner, and that appellee was negligent in that, after he discovered the perilous position of the child, he failed to exercise due care to avoid striking her.

Appellee in his answer denied generally the allegations of the complaint; and, as a further defense, he alleged that the injured child had the habit, known to her parents, of purposely running in front of or near motor cars, and that she was doing this on the occasion of her injury.

There was a trial to a jury, and a verdict in favor of appellee was returned. From judgment entered on the verdict appellant prosecutes this appeal.

No complaint is made by appellant as to instructions given or refused by the lower court, or as to the sufficiency of the testimony to support the verdict. For reversal appellant urges only this ground: That the trial court erred in permitting Biggers and Barnshell, witnesses for appellee, to testify that on numerous other occasions the injured child had run in front of cars driven by these witnesses, requiring them to bring their cars to a complete stop. This testimony was objected to by appellant on the ground that it was incompetent and irrelevant.

It is unnecessary for us to determine whether this testimony was properly admitted, because, even if the court committed error in admitting this testimony, appellant is not in a position to complain thereof, nor was such error, in view of the instructions given the jury by the court, prejudicial to appellant.

In the first place, when this testimony was offered by appellee, appellant had already introduced testimony relating to the same matter. In the examination by counsel for appellant of appellant's witness, E. O. Dodson, this occurred: "Q. It is intimated that this little girl runs out and chases cars. Did you ever see her run out there in the road and chase cars? A. Not when I could go by. Q. Did you ever see her conduct herself in that manner? A. No, sir. Q. Did you ever hear tell of it before? A. No, sir." Virtually the same questions were asked by counsel for appellant, and like answers elicited in the examination of Mrs. E. O. Dodson, Mark Wileman and John Henley, all witnesses in chief for appellant.

In 31 C. J. S., p. 913, the rule is thus stated: "It frequently happens that evidence which might be inadmissible under strict rules is nevertheless introduced into the case through inadvertence or otherwise, under which circumstances it is held, sometimes as a result of statutory regulation, that the adverse party is entitled to introduce evidence on the same matters lest he be prejudiced. The party who first introduces improper evidence cannot object to the admission of evidence from the adverse party relating to the same matter." "A party who introduces improper evidence such as that which is incompetent, or evidence inadmissible under the pleadings, will not be permitted to assign as error the subsequent admission of same or similar evidence, or evidence in rebuttal or in explanation offered by his adversary." 5 C. J. S., p. 191.

We said in *German-American Insurance Company* v. *Brown,* 75 Ark. 251, 87 S. W. 135: "For another reason appellants are precluded from complaint at the introduction of this evidence. They first drew out, on cross-examination of appellee, the testimony as to communications from McKibben, and read in evidence two of the telegrams received by appellee from him. Where one party introduces incompetent testimony, he cannot complain of the action of the court in allowing the other party to introduce the same character of evidence di-

rected to the same point at issue. He waives all objection to error which he thus invites. *St. Louis & S. F. R. Co.* v. *Kilpatrick,* 67 Ark. 47, 54 S. W. 971; *Klein* v. *German Nat. Bank,* 69 Ark. 140, 61 S. W. 572, 86 Am. St. Rep. 183; *Standard Life Ins. Co.* v. *Schmaltz,* 66 Ark. 588, 53 S. W. 49; 1 Thompson on Trials, §§ 706, 707; Elliott, App. Proc., § 626; *Reynolds* v. *State,* 27 Neb. 90, 42 N. W. 903; *Fillmore* v. *Union Pac. Ry. Co.,* 2 Wyo. 94.'' To the same effect were our holdings in *National Life & Accident Ins. Co.* v. *Langford,* 123 Ark. 619, 185 S. W. 266; *Coffee* v. *Arkansas Power & Light Company,* 195 Ark. 559, 113 S. W. 2d 1100; and in *Bankers' Fire Insurance Company* v. *Williams,* 176 Ark. 1188, 5 S. W. 2d 916.

So, even if it be conceded that the testimony as to negligent behaviour of the injured child on other occasions was inadmissible, appellant, having already introduced the same kind of testimony, cannot complain thereof.

Furthermore, during the trial, appellant elected to ask recovery only on the theory that appellee was negligent in not exercising due care to avoid the injury after he discovered the perilous position of the little girl; and the court, among other instructions to the jury, gave the following: ''The case is submitted to you on what is termed the discovered peril doctrine, *which eliminates from your consideration any evidence of negligence on the part of the child.''* (Italics ours.)

By this instruction the testimony complained of now by appellant was withdrawn from consideration by the jury.

No error appearing, the judgment of the lower court is affirmed.