ARKANSAS STATE HIGHWAY COMM'N v.
STELLA PITTMAN

5-5687                                        473 S.W. 2d 924

Opinion delivered December 20, 1971

*Thomas B. Keys* and *Hubert E. Graves,* for appellant.

*Tompkins, McKenzie & McRae,* for appellee.

FRANK HOLT, Justice. By this eminent domain action, the appellant acquired 34.63 acres of land from appellee's

160-acre farm tract for the construction of interstate highway 30 and an interchange. The interstate diagonally severs appellee's lands, leaving a residual of 122.27 acres on one side and a 3.1 acre residual on the other side of the interchange. Appellant presented evidence that construction of the interstate highway enhanced the value of the residuals in excess of the value of the whole property before the taking. However, the jury disagreed with appellant's theory of enhancement and awarded appellee $24,536.00 in damages.

For reversal appellant asserts that: After appellant's witness testified on direct examination that he sold a site on an interchange to Humble Oil Company and, on cross-examination, that Humble Oil Company did not talk to him about purchasing any other site it was error for the trial court to refuse to allow appellant to show that other oil companies had negotiated to purchase other sites on the interchange and the amount which they offered to pay.

One of appellant's witnesses, Mr. Hale, testified on direct examination that he owned property at the nearby interchange on interstate 30 and that he had sold a portion of that property measuring 250 x 250 feet for $75,-000.00. On cross-examination by appellee, Mr. Hale testified, without objection, to the effect that Humble Oil Company didn't talk to him about buying any other site. Appellant asserts that this testimony created a prejudicial inference that other sites were less desirable and, therefore, "that the Trial Court erred in then sustaining defendant's [appellee's] objection and not allowing the plaintiff [appellant] to combat the inference by showing, not only that other companies had made offers for the other quadrants, but the amount of the offers." In other words, appellant argues that this testimony was admissible to combat the appellee-landowner's contention that her property was not enhanced by construction of the highway.

At first the court sustained the appellee's objection to appellant's questioning Mr. Hale concerning his negotiations with a different oil company for the sale of

another site at a nearby interchange. Appellant countered that appellee's question as to whether Humble evidenced any interest in any other locations "opened up" the subject and, therefore, gave appellant the right to inquire as to any negotiations, including offers and amounts. Finally, the trial court held, and appellee concurred, that proof was admissible as to any negotiations for sales between Mr. Hale and other or different prospective purchasers. However, the scope of the inquiry excluded the "dollar amount" of any offer on any incomplete transaction.

It is true, as appellant contends, that where one party introduces incompetent testimony, he cannot complain of the introduction of the same character of evidence directed to the same issue by the other party. *German-American Ins. Co.* v. *Brown,* 75 Ark. 251, 87 S. W. 135 (1905); *St. Louis I. M. & S. Ry. Co.* v. *Flinn,* 88 Ark. 484, 115 S. W. 142 (1908). This rebutting evidence is restricted to "similar evidence," the "same subject," or to "answering evidence" in denial or explanation of the subject. *Eaves* v. *Lamb,* 209 Ark. 987, 193 S. W. 2d 328 (1946). See, also, I Wigmore on Evidence, § 15, p. 304; McCormick on Evidence, § 57, p. 132.

In the case at bar the appellant was permitted to interrogate Mr. Hale and another witness relating to all aspects of their negotiations to sell their property at a nearby interchange to other oil companies. The only restriction placed upon appellant's inquiry was the dollar amount involved in the negotiations of these incomplete sales. In our view, the trial court accorded the appellant ample latitude in its introduction of "answering testimony" to refute any inferences possibly created by appellee's opening up the "subject" on cross-examination, to which the appellant made no objection. Certainly it cannot be said that the trial court abused its discretionary powers in limiting the scope of this inquiry.

Affirmed.