David SMITH et al *v.* Terrence ANDERSON
et al

75-204                              532 S.W. 2d 745

Opinion delivered February 17, 1976

*Schieffler, Yates & Porter,* for appellants.

*Roscoe & Epes, P.A.,* for appellees.

CONLEY BYRD, Justice. This is a suit by appellant David Smith, a minor, by his next friend for damages for malicious prosecution. The only issue is whether the trial court acted correctly in directing a verdict for the appellees, Terrence Anderson and West's-Gibson Products Company of West Helena, Inc.

The record shows that Terrence Anderson was the manager of West's-Gibson Products Company of West Helena, Inc. and that as a result of information obtained from Jan May, one of the cashiers in the store, Terrence Anderson executed an affidavit for a warrant of arrest for David Smith on charges of forgery and uttering. At a hearing before the Juvenile Court Referee on March 1, 1973, appellant was placed on a one-year probation for obtaining money under false pretenses. On appeal to the County Judge, pursuant to Acts of 1969, No. 404 § 2 appellant was found not guilty of forgery, uttering or obtaining money under false pretenses.

Appellant acknowledges the effect of our cases such as *Alexander* v. *Laman,* 225 Ark. 498, 283 S.W. 2d 345 (1955), which hold that a judgment of conviction by a court of competent jurisdiction is conclusive evidence of the existence of probable cause, even though the judgment is later reversed, and to avoid the effect thereof contends that the findings of guilt by the juvenile could not be used against the minor because of Ark. Stat. Ann. § 45-205 (Repl. 1964), which provides:

> "A disposition of any child under this act or in any evidence given in such cause, shall not, in any civil, criminal or other cause or proceeding whatever, in any court, be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases against the same child under this act; . . "

We find no merit to this contention by appellant. It was incumbent upon appellant, as an essential element of his cause of action, to show that the appellees acted without probable cause in having him arrested. In discharging this burden, appellant called the county clerk and introduced the juvenile court records to show the dismissal of the charges placed against him. Having relied upon the records as evidence in his favor, appellant is not in a position to complain that appellees insisted that the whole record be introduced. The general rule is that one who relies upon a part of a judicial record must introduce the whole record, not just the part that is favorable to him. See *Strawn* v. *Norris*, 23 Ark. 542 (1861), *Arkansas State Highway Comm'n* v. *Pittman*, 251 Ark. 709, 473 S.W. 2d 924 (1971) and 30 Am. Jur. 2d *Evidence* § 986 (1967).

In *Fortin* v. *Parrish & Reeves*, 258 Ark. 277, 524 S. W. 2d 236 (1975), we held that a juvenile court referee was a de facto judge and in so doing stated:

> "The principal is that the acts of an officer *de facto* are binding upon the public as though done by one in office *de jure* and that this right to the office cannot be questioned except in a direct proceeding to which he is a party, is well settled. . . . "

Since the findings by the juvenile court referee furnished conclusive evidence of probable cause on the part of appellees, we need not review the other evidence in the record.

Affirmed.

HARRIS, C.J., dissents.